**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

FITE OIL & GAS, INC.                              CIVIL ACTION NO. 5:11-CV-1621

VERSUS                                            JUDGE S. MAURICE HICKS, JR.

SWEPI, LP                                         MAGISTRATE JUDGE HORNSBY

<u>MEMORANDUM RULING</u>

Before the Court is a Motion for Summary Judgment (Record Document 24) filed by Defendant SWEPI, LP ("SWEPI"), and a Motion for Partial Summary Judgment (Record Document 26) filed by Fite Oil & Gas, Inc. ("Fite"). SWEPI seeks for this Court to grant its motion for summary judgment dismissing the claims of Fite, and declaring that SWEPI is bound to pay royalty owners under lease with Fite. <u>See</u> <u>Record Document</u> 24-1 at 1. Fite seeks for this Court to grant its motion for partial summary judgment and declare that "Louisiana Revised Statutes Section 30:10, as enacted prior to the 2012 amendment, unambiguously requires Swepi to remit out of production from the Well 'that portion of production' owned to Fite's royalty and overriding royalty owners." <u>See</u> <u>Record Document</u> 26 at 5. For the following reasons, Swepi's Motion for Summary Judgment is **GRANTED** and Fite's Motion for Summary Judgment is **DENIED**.

**I.    Background**

This dispute arises out of an oil and gas production interests in DeSoto Parish.[1] Fite acquired the following mineral leases through an assignment from the J.L. Schoalmire Operating Company, Inc. effective March 1, 2007:

---

[1]Specifically, the property is located in Section 23 in Township 13 North, Range 12 West, DeSoto Parish.

Oil, Gas and Mineral Lease dated September 9, 1960 from Edward H. Laffitte to W.C. Nabors, recorded in Book 244, Page 395, under Registry No. 281340 of the DeSoto Parish Records (the "Ed H. Laffitte Lease"); and

Oil, Gas and Mineral Lease dated January 25, 1961 from E.A. Laffitte to W.C. Nabors, recorded in Book 248, Page 144, under Registry No. 283774 of the DeSoto Parish Records (the "E.A. Laffitte Lease").

(collectively, the "Laffitte Leases").

The Laffitte Leases involve acreage in Section 22, 23, 26 and 27 in Township 13 North, Range 12 West in DeSoto Parish. Approximately 170 acres are within Section 23. Swepi LP ("Swepi") was named the designated operator for the acreage within Section 23, including the portion of the Laffitte Leases within that Section, by the Louisiana Commissioner of Conservation who designated the unit as "HA RC SUK."[2]

In the midst of the oil and gas boom related to the Haynesville Shale, Swepi decided to drill a well on the property. Pursuant to Louisiana Revised Statute 30:10(A)(2)(a), as enacted prior to the 2012 amendment, Swepi sent Fite a letter on October 9, 2009 to notify Fite of the plans to drill the Don Robertson 23 Well #001 (the "Well") in Section 23, Township 13 North, Range 12 West. Shortly after receiving the letter, Fite and Swepi began negotiations concerning the Laffitte Leases within Sections 22 and 23, approximately 346.64 acres. A written agreement between the parties was never signed, and negotiations between the parties were terminated on September 10, 2010.

During the negotiations between the parties, however, work on the Well began. The spud date was October 23, 2009 and it was completed on March 28, 2010. The Well never

---

[2]This is a shorthand designation used by the Louisiana Comissioner of Conservation for the created unit: Haynesville, Reservoir C, Sand Unit K.

paid out, and production ceased in November 2011.[3] At the time that this lawsuit was filed by Fite, the Well was scheduled to be plugged and abandoned.

II.    **Law and Analysis**

**A. Legal Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[4]  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless

---

[3]There is a dispute between the parties in the uncontested statements of fact regarding whether the production ceased in November or December 2011.

[4]The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue."  This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard.  See F.R.C.P. 56(a) and advisory committee's note.

of the nonmovant's response.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).  Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff.  See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007).  In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

### B.  Analysis

In order to determine if either summary judgment motion should be granted, two main legal questions must be evaluated by this Court: (1) which of the two companies, Fite or SWEPI, is required to pay Fite's lessors, and (2) whether Fite is subject to the risk/fee penalty established under Louisiana Revised Statute 30:10A ("Risk/Fee Statute"). Louisiana courts have provided guiding precedent on both of these matters, which this Court, while not bound to do so, chooses to follow.

**(1) Which of the two companies, Fite or SWEPI, is required to pay Fite's lessors?**

The key contention between the parties is which should be required to pay Fite's Lessors. SWEPI (the unit operator) contends that Fite (the lessee) is required to pay all royalties due under Fite's Leases.

In asserting this point, SWEPI guides the Court to a Louisiana First Circuit Court of Appeal case, <u>Gulf Explorer, LLC v. Clayton Williams Energy, Inc.</u>, 964 So.2d 1042 (La.App. 1st Cir. 2007). In its <u>Gulf Explorer</u> ruling, the First Circuit cited <u>Willis v. International Oil and Gas Corporation</u>, 541 So.2d 332 (La.App. 2nd Cir. 1989), which, as SWEPI points out, is also directly applicable to the instant case. On the other hand, Fite fails to guide the Court to any precedent case law adopting its argument. Rather, Fite attempts to deemphasize the cited Louisiana case law by stating that Louisiana case law on point is not binding in the federal system, and therefore SWEPI should be the party forced to pay the lessors.

While acknowledging the fact that this Court is not bound by the decisions of the Louisiana appellate courts, the Court chooses to follow the reasoning and results of those cases. Additionally, this Court finds the <u>Gulf Explorer</u> decision by the state appellate court applicable to the facts before the court. In <u>Gulf Explorer</u>, the Louisiana First Circuit reviewed substantially similar facts as are at issue in this case, and held that the lessee maintains the obligation to pay its lessors. The facts of that case, which are strikingly similar to the instant case, are as follows:

> Defendant, Clayton Williams Energy, Inc. (Clayton Williams), was the operator of an oil and gas producing unit in Plaquemines Parish, Louisiana, known as the 8300 RA SUA, Raphael Pass Field. The unit was formed by order of the state Commissioner of Conservation effective June 18, 2002. Plaintiff, Gulf Explorer, LLC (Gulf), owned certain minerals within the geographical confines of the unit.

In September 2002, Clayton Williams sent notice to Gulf of its intention to drill SL 16901 No. 1 as the unit well for 8300 RA SUA Unit and offered Gulf the opportunity to participate in the risk and expense of the well. Gulf failed to respond to the notice; thus, pursuant to LSA-R.S. 30:10, it was deemed to have chosen not to participate. Id. at 1042-1043.

The facts of the instant case provide that SWEPI was the operator of the oil and gas producing unit in DeSoto Parish, Louisiana, within the Haynesville Shale formation, designated as HA RC SUK, created by order the state Commissioner of Conservation. Plaintiff, Fite, owned certain minerals within the geographical confines of the unit. Prior to drilling the unit well, SWEPI notified Fite and offered the opportunity for Fite to participate in the risk and expense of the well. Fite and SWEPI failed to contractually agree to Fite sharing in the risk and expense of the well. Accordingly, pursuant to LSA-R.S. 30:10, Fite did not participate. Based on the law as written, and the legal precedent provided by the state courts on this issue, this Court finds that Fite is required to maintain its obligation to its lessees. The burden does not shift to SWEPI under the facts in this case.

### (2) Whether Fite is subject to the risk/fee penalty established under Louisiana Revised Statute 30:10A?

The second question that must be answered by this Court is whether the Risk/Fee Statute is applicable to the instant facts. To determine this matter, the Court must review the language of the Louisiana Revised Statute at issue. Louisiana Revised Statute 30:10A(b)(I) provides:

Should a notified owner elect not to participate in the risk and expense of the unit well...the owner drilling same shall, in addition to any other available legal remedies to enforce collection of such expenses, be entilted to own and recover out of production from such unit well allocable to the tract belonging to the nonparticipating owner such tract's allocated share of the actual reasonable expenditures incurred in drilling, testing, completing, equipping, and operating the unit well, including a charge for supervision, together with a risk charge, which risk charge shall be one hundred percent

Page 6 of  8

of such tract's allocated share of the cost of drilling, testing, and completing the unit well.

The plain language of the statute clearly indicates that SWEPI is entitled to recover its expenses and a "risk charge" prior to paying Fite. The Louisiana First Circuit previously ruled upon the question of whether the Risk/Fee Statute enables the operator to recover expenses as well. There, the court held:

> Clayton Williams is entitled to recover its costs out of the production attributable to Gulf's tract or "continuous expanse of land" and not merely the amounts attributable to that tract minus the royalties and overriding royalties Gulf is obligated to pay pursuant to its contracts with third parties. See Willis v. International Oil and Gas Corp., 541 So.2d 332, 336 (La. App. 2 Cir. 1989) (holding that the unit operator was entitled to retain 100 percent of the proceeds from the production of the unit well until such time as the expenses of drilling, completing and operating the well were recovered). Gulf Explorer, 964 So.2d at 1045 (citations within).

Based upon the plain reading of the statute, along with the legal precedent provided by a Louisiana Appellate Court, this Court finds that the Risk/Fee Statute is applicable to the facts here. Therefore, SWEPI is entitled to recover its costs and up to 100 percent of the proceeds from the production of the unit well prior to Fite being paid.

## III.  CONCLUSION

Based on the foregoing analysis, the Motion for Partial Summary Judgment filed by Fite is **DENIED**, and the Motion for Summary Judgment filed by Swepi is **GRANTED**.  This Court finds that: (1) **Fite is required to pay its lessees with respect to the production at issue here, including the section of the Haynesville Shale formation, designated as HA RC SUK; and (2) Fite is subject to the risk/fee penalty established under Louisiana Revised Statute 30:10A.** No genuine disputes of material fact exist that prevent this Court from finding that SWEPI is not liable to Fite.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of November, 2013.


_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE